Appellant. Ms. Park for the Appellant, Mr. Ewing for the Appellate. May it please the Court, Marie Park for Oscar Ortega-Hernandez. I'd like to reserve one minute for rebuttal. I'd like to begin by discussing the sex offender registration requirement. The District Court imposes a condition of Oscar Ortega-Hernandez's supervised release  in this case. Whether it is remanded as judicial or clerical error, the condition ends up going away. This Court, we believe, however, needs to address the distinction in order to provide guidance to both trial courts and defendants. On this record, one cannot conclude that the District Court did not intend to pose the sort of condition, albeit erroneously and wrongly, on the Rule 36 if the pre-sentence report had not referred to a juvenile arrest for lewd conduct with a minor in 2006. If this condition of supervised release was truly correctable under Rule 36, it would mean that Mr. Ortega-Hernandez could present a Rule 36 motion, say 10 years from now, after this appeal had been resolved without any objection that it was waived or not raised on direct appeal. This would be a position that the government took the opposite position in the Arrington case. Now, in the Arrington case, this circuit nearly defined the parameters of a Rule 36 motion. Now, to be clear, in Arrington, the sentencing transcript was consistent with the written judgment. The judge incorrectly ordered consecutive three-year terms of supervised release, and this Court said that's clearly legal error, not clerical error. But if you look at the Love case and the Braxton-Brown-Smith case, which we think are the most applicable, Love is from 2010, this Court addressed the issue on appeal and remanded for the District Court to remove the condition that was not ever mentioned at sentencing. And in Braxton-Brown-Smith, there's a mental health condition that was also vacated subsequently by this Court, addressed on appeal. I wonder, Ms. Berg, if you could just address the question of the appeal waiver and its application or not to the SORNA condition. Okay. We believe it's clear that the waiver would not apply to the SORNA condition. The reason why, there's two reasons. First, we believe it falls within the miscarriage of justice exception. In the case that the government presented in their 28J letter, the Adams case specifies that a sentencing court, when it fails to follow a prescribed sentencing procedure, and here this is what happened, this falls under the miscarriage of justice exception because here the District Court did not follow the prescribed sentencing procedures for imposing conditions of supervised release. And I'm citing to 18 U.S.C. 3583 subsection C and provides how a District Court is to order conditions of supervised release. And also 18 U.S.C. 3553 subsection C provides that the judge has to make a statement of reason for imposing a sentence. And here that was not followed through by the District Court. And the most obvious problem is the defendant wasn't even present. She never imposed the And that violates Rule 43, aside from the constitutional issues. So you said you had two grounds, and that's your miscarriage of justice ground? That's the first one. The second one is that if you look at the plea agreement itself, the language of the plea agreement is limited to terms of supervised release. That was what he was waiving. And the reason we filed the 28J letter citing to the Shemirani case, S-H-E-M-I-R-A-N-I from June 12th of this year, the reason I cited that case, because there is language in that decision that also explains that the District Court needs to make sure that the defendant understands what rights he is waiving under the appellate waiver. And the District Court here never informed, if you look at the plea transcript, the District Court never told Mr. Ortega-Hernandez that he was waiving his right to even appeal the terms of supervised release. That was never discussed. And does that mean that it would be unlawful for her on remand to impose the possession of firearms condition? Because that wasn't specifically discussed? That condition was mentioned, I believe, in the pre-sentence report. But not in the oral sentencing colloquy? I'd have to check on that, but I'm not 100% sure whether she mentioned that or not. But it was mentioned in the pre-sentence report. But here, whether the appellate waiver applies to this specific sort of condition, I think it's precluded. I'm not even going to the policy issues in terms of what can be waived under the appellate waiver. I mean, it can't be that any possible condition is covered by an appellate waiver. Well, isn't the easier way to go just to say that this is a clerical error and the Well, that's the position the government would like this court to take, but we believe that the government doesn't dictate on what legal basis that this should be remanded, that this court should make that decision. Right, but we could say we've had exceptions to what appeal waivers cover, and it would seem to me that clerical errors are another obvious exception, I would say, to an appeal waiver. Well, then this court would first have to decide that this was truly a clerical error in this case. I agree with that, right. So I take you, and I took your argument on that. But assuming it were a clerical error, I don't see why there would be any bar to our addressing it or remanding for the district court to address the clerical error in the appeal waiver. I understand that our appeal waiver decisions to this point haven't referred to clerical errors in this way, but it seems like a logical extension. Well, I guess our position continues to be that the decision whether to impose a condition supervised release, especially one as serious as a sex offender registration, that is always a judicial act. That is not a clerical act. That's not a simple minor issue such as whether Well, I agree with you, it's not a minor issue, but that's how we know that it was a mistake here to check, to list that, because it wasn't discussed and the record as a whole suggests that this was not the intent. Well, our position is that you can't infer that from the record given the pre-sentence report reference to his arrest for eluded conduct with a minor. I'm curious why this wasn't corrected immediately upon issuance of the judgment. The notice of appeal was filed immediately instead of going back to the district judge and just asking her to make this correction, whether it's Rule 36.5, you know, just get it done right then. Well, what I can represent to the court, first of all, the court could have made the correction herself, the district court could have, and the government could have come forward with the correction. What I can represent to this panel is that Mr. Ortega-Hernandez was not aware of this condition until I brought it to his attention, and trial counsel also wasn't aware of the condition until I brought it to their attention. Now, if we believe that in order to remand with instructions we have to take jurisdiction at least of the SORNA condition question, can we nonetheless enforce the appeal waiver with respect to the second question about the sentencing, the basis for sentencing and whether she took the mental health information into account? Well, if you see from our briefing, we're remanding for the district court to be given an opportunity to provide more information on what, just to make it clear of record, did she actually consider the basis of the mental health as a reason for leniency in this case? I know you want the whole thing set aside for both issues, but I'm just asking you, could you have it, could you have half a loaf? Yes, that's, yes. Given that a plea agreement is an agreement, and I know at least the Seventh Circuit has an issue and have appellate jurisdiction on that, it's either on or off, and so I guess you're saying using the SORNA issue, if we think we have to have, I don't know, say that that's invalid with respect to one issue, do we have to say it's invalid with respect to any issue? Well, I think what you can do is you can look at the actual plea transcript, and you can see that what did the judge advise the defendant, what he was waiving to his appellate rights, and there it's very obvious, at least as to what was discussed, he never mentioned his waiver of a right to challenge either a term of supervised release or a condition. And I don't know whether you can imply from the record that there was sufficient information to make a knowing waiver of the other, the sensing issue.  Why don't we hear from the government? We'll give you time for rebuttal. Thank you. Thank you. Good afternoon. May it please the Court, James Ewing for the United States. This Court should reject appellant's request for sentencing rehearing in this case, other than the SORNA registration requirement mistake on the district court's written judgment. Appellant's other claims are waived and otherwise meritless under any standard review. Looking at the SORNA registration requirement piece first, we do believe that all the evidence in the record seems to be pointing to this being a simple clerical error, a missed box check on the preprinted form of Judge Collier's written judgment. No one talked about this in their written pleadings to the Court. It wasn't discussed at the sentencing proceeding. It's not applicable based on the facts of this case or Mr. Ortega Hernandez's criminal history. Additionally, and Judge Pillard, you asked about the firearms condition of supervised release. That was discussed at pages 81 and 82 of the March 31st transcript. So what we have, there's three boxes on the form if you look at it. It's the firearms box, the DNA registration box, and the SORNA box. And so what should have been checked was the first two, and they essentially just moved it down one and checked the DNA box and the SORNA box. And the appeal waiver, from our perspective, doesn't cover clerical errors? Or how do we approach that? I realize this is a formality, but we've got to get the formalities correct. I guess the way we would ask the Court to look at it as follows. We agree that Love and Braxton Brown-Smith apply in this way. To the extent that there is a difference between the district court's written judgment and their orally pronounced sentence, then what Love says is that difference in the written judgment is a nullity. And so we agree with that. In this case, the difference is the SORNA registration requirement. Additionally, the firearms box wasn't checked. So that aspect is a nullity. So what we're asking this Court to do is apply the waiver provision to the orally pronounced sentence. And if you do that, then it's really indistinguishable from the waiver provisions this Court enforced in Guillen and that this Court enforced in Adams, because you've got a sentence that's within the guidelines. It's actually below the mid-court in the guideline range. And there was not anything even approaching a miscarriage of justice in the defendant's sentencing proceeding that would cause this Court to pierce the appellate. We're not asking that the appellate waiver be enforced as to the SORNA requirement. So are you waiving it? I mean, that's one way that seems to me clear, is just you're not asking for it to be enforced. And if you're not asking for it to be enforced, we don't need to enforce it. It's not jurisdictional. It's not being pressed. So, I mean, I'm a little uncomfortable when you say to the extent that the written is different from the oral. It's a melody. I guess our question is, it's a melody on what ground? Well, Your Honor, that's what Love said. And Love was concerned about the fact, for example, that some of the things that appellant complains about, that he wasn't there when Judge Collier did the written judgment. So Braxton Brown-Smith is also important in this case, because really Braxton Brown-Smith, if you look at it, there's essentially one clerical error and one what could be considered a judicial error. I'm just looking. Love wasn't an appeal waiver case, though, was it? It wasn't. But what it was was a case where you had this kind of difference between. Right. No, I understand that. I'm just saying that when you say a melody, I guess in my view, the appeal waiver is capacious and it might waive things that aren't expressly mentioned. So I guess I'm just grappling with how to address that question. Right, Your Honor. And that's why we thought that rule 36 was an appropriate mechanism to address what we're seeing as a clerical error in this case. And there was a case. But this makes a point that we don't know that the district judge understands this to be an error. We can sit here and think that it's a clerical error. But what if it's not? So did the government ask her to correct this? We did not, Your Honor. And why is that? I don't know the answer to that. I think we just missed it on the written form. But what about once you saw it? Well, so, and this is obviously outside the record, but once I started working on this case, we considered going back into the district court to request the change under Rule 36. But at that point, the case was already at the circuit. So we thought just procedurally, it made more sense to make our arguments on the appeal. But isn't, under Rule 36, that's the one where you can correct the judgment at any time. Right. And I presume that means even if it's in the court of appeals. So I'm just, it's a little odd for you to come here and ask us this tough question. We believe that it was. We could have just gone to the district judge and we would have at least then known whether it's something that she's standing on or something that she thinks is a mistake. It was our belief that because the case was already at the circuit for the purposes of potentially for the district court to act on that. Even though it says at any time, I guess we presume that that meant while the district court kind of had the case and had jurisdiction on the case. And that's why we went forward with the appeal as opposed to asking to change it under Rule 36. This kind of combination of the appellate waiver and what we're, I guess going back, it's really kind of an academic point whether this was a clerical error or a legal error. Because either way we know under Braxton, Brown, and Smith and Love that the judgment should be conformed to agree with the orally pronounced sentence. And that's what we're asking this court to do. But there's really no reason, that's the only reason why this case needs to go back to the district court for that one change. Would you be opposed to our saying that appeal waivers don't cover clerical errors? No. I mean, I think that's right. Under our case law, we haven't specifically identified that. But if miscarriages of justice and effective assistance, et cetera, are exceptions, it seems like clerical errors. And, you know, I didn't cite this in my brief, but I did find a case from the 10th Circuit, the name of the case is Cujo. And what happened in Cujo was it was kind of this combination of a clerical error and an appellate waiver. And what the 10th Circuit did in that case was they remanded to the district, well, actually they dismissed the appeal, they upheld the appellate waiver, and ordered the government to file under Rule 36 to fix. In that case, it was the written judgment listed the wrong statute. And so they said, hey, government, go fix that pursuant to Rule 36. So that's kind of the, whether we go that way or whether we go, whether you follow Love and Braxton Brown-Smith and say the difference in the written judgment is essentially a nullity and enforce the appellate waiver as to the orally pronounced sentence, that's really kind of academic from our perspective because what we're saying is there's only one thing that needs to be fixed here. And that's the SORNA registration requirement needs to be fixed. Other than that, there's absolutely no reason for, for example, a full-blown resentencing proceeding. And there's no difference in this appellate waiver from the appellate waivers that were enforced in Guillen and Adams. That's a rule that you're comfortable with so that whatever's not spoken of at the oral colloquy that might be in a written agreement is, or that you're saying that might be in the sentence, is a nullity. And if the government doesn't treat it as such, the defendant can appeal notwithstanding a waiver. That seems like a much broader rule than even what defense counsel is proposing. Well, I guess I'll just clarify my position. My position is, you know, we think Love says to the extent there's this delta between, then that delta is a nullity and the ruling should conform to the oral pronouncement of the court. I'm just thinking about it institutionally from the perspective of a court of appeals that has to consider what's our jurisdiction to tell that to the district court. And that's why I'm focusing on the appeal waiver and thinking, well, fine. You can see that sort of as the legal force in effect is as you described because of Love. But where do we get the authority to say that if, and I'm positing the possibility that the district judge disagrees. And so I just was looking for a little bit more of a theory about how we do that consistent with the appeal waiver. Again, I guess, well, I guess to the extent that the court was concerned about that, then it could follow the Cujo analysis and simply say, we're going to enforce the appellant waiver just like we did in Guillen and Adams. And we'll order the government to fix this pursuant to rule 36. Now let's play that out. If the district court said, no, this is what I meant to do. I meant to enforce the Soren registration requirements. So government you're, I'm denying your rule 36 motion. I think that would be an appeal of order. And then we could address it in that way. But we think that, you know, again, all signs here point to this being just purely a, an administrative error. You may have answered this, but what about just saying the government has not pressed the appeal waiver in this context. So we don't have to enforce it. I think that's right. We're not asking this court to enforce it as to the Soren registration  I see I'm out of time. If there's, if, if, if there are no further questions, we would ask that the court remand to the district court to conform the written judgment to the orally pronounced sentence, but otherwise affirm the sentence. Thank you. Just go to the, the comment about making the appeal waivers, not enforceable for clerical errors. I think the problem from the perspective of the defendants is in the government gets to decide what is a clerical error because in Arlington, they didn't concede it was clerical error. And so the defendant was at a disadvantage. Generally district court, I imagine would always follow the government's lead and saying whether if they believe it's clerical error or they concede it, the district court just correct it. And I believe that that gives too much authority into the government's hands. And the second part about that was raised by no one talked about it. And that's how we know it's clerical error. Well, that's exactly what happened in love case and Braxton round Smith. No one talked about these conditions of supervised release. That doesn't mean the judgment that the addition of the condition on the supervised, the terms of supervised release, doesn't make it a clerical error. Are there any other questions? How about, if we said that the government's not seeking to enforce the appellate waiver as to the SORNA issue and therefore we can remand that without worrying about the appellate waiver. Well, I think that the problem with that is that the district court, you're giving less guidance to the district court and the manner it should impose conditions of supervised release. And so if you remand it and say, the appellate waiver is not enforceable under the miscarriage of justice exception cited in Adams, because the court did not follow the appropriate procedures and imposing condition that prevents future problems like this happening in the future. That also seems very broad to say the court didn't follow appropriate procedures. I mean, you can have a heyday with that poking holes in an appellate waiver. Well, here, the procedures are pretty obvious. It wasn't discussed at sentencing. It wasn't noticed in the pre-sentence report. The defense, the addition was made on the written judgment outside his presence. The procedures that followed the sentencing in terms of the length of time that is served, those same procedures apply to two conditions of supervised release. They're just covered under a different statute. Thank you, Ms. Park. You were appointed by the court to represent the appellate in this case, and the court thanks you very much for your assistance. Cases submitted.
judges: Judges Henderson, Kavanaugh, Pillard